UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-62763-Civ-COOKE/HUNT**

WAYNE CAMPBELL,

    Plaintiff,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.

_____/

**ORDER OF REFERRAL AND
ORDER REGARDING COURT PRACTICES AND PROCEDURES**

THIS MATTER comes before the Court on the filing of the Complaint. The Court has reviewed the Complaint. To efficiently, expeditiously, and economically resolve this dispute, it is **ORDERED** as follows:

**I.    COUNSEL TO MEET AND FILE JOINT SCHEDULING REPORT**

1.    Plaintiff must forward a copy of this Order to all defendants, upon notice of appearance of defense counsel.

2.    Discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules (effective December 1, 2014), except that the deadlines under Local Rules 16.1 (d), (e), (h), (j), and (k), may be modified by further order of the Court.

3.    In addition to complying with Local Rule 5.1, any motion and accompanying memorandum of law *may not exceed a combined length of 20 pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *must be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

    a.    12 pt. Calisto MT font;

    b.    One inch margins on all sides;

    c.  1/2 inch tab setting;

    d.  1.5 Line Spacing;

    e.  Full Justified;

    f.  Conforming to the exemplar order at *Attachment E* to this Order;

    g.  Filed electronically with the corresponding motion; and

    h.  In the case of proposed orders, e-mailed as a Microsoft Word (.doc) document to cooke@flsd.uscourts.gov. The subject line of the e-mail must include: (i) <u>case number</u>, (ii) <u>case name</u>, and (iii) <u>docket entry number</u> of the corresponding motion.

  Failure to comply with the foregoing requirements may result in the relevant motion being denied without prejudice.

  4.  Within **45 days** of service upon the defendant(s), counsel must file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)(2), with a complete service list containing the name, address, e-mail address, phone number, fax number, and party represented of each counsel.

  5.  Counsel for the parties must meet **in person or telephonically** for a scheduling conference at least **21 days** prior to the date the above Joint Proposed Scheduling Order is due. At this conference, the parties **must** accomplish the following: (1) determine the appropriate case management track for the action pursuant to Local Rule 16.1(a)(2); (2) develop a case management plan which sets deadlines in compliance with paragraphs A, B, and C below; and (3) discuss settlement in good faith.

    A.  The Joint Scheduling Report must include all information required by the eleven subsections, (A) through (K), of Local Rule 16.1(b)(2). **Unilateral submissions are prohibited**.

    B.  As an attachment to the parties' Joint Scheduling Report, and in Compliance with Local Rule 16.1(b)(2), the parties must jointly complete *Attachment A* to this Order. The parties must insert the specific day, month and year for each listed deadline that applies to the parties' case management plan. In completing *Attachment A*, the parties must take into consideration the suggested pretrial deadlines set out in *Attachment B* to this Order. If the parties agree that one or more of the proposed deadlines (such as "expert witness deadlines") are not appropriate for this action, they may strike the language and omit that proposed deadline in *Attachment A*. The parties' proposed dates **must** include: (1)

**at least 17 weeks** between the deadline for all pretrial dispositive motions and the proposed trial date; and (2) **at least five weeks** between the deadline for the pretrial stipulation and the proposed trial date.

C. As part of the Joint Scheduling Report, the parties will jointly complete and file with the Court the Magistrate Judge Jurisdiction Election Form appended to this Order as *Attachment C*. The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties must jointly file the election form appended to this Order as *Attachment D*.

6. The Parties must jointly select a mediator certified under Local Rule 16.2(b), and schedule a time, date, and place for mediation. In addition, the Parties must jointly file a proposed order scheduling mediation. If the parties cannot agree on a mediator, they must notify the clerk in writing as soon as possible and the Clerk will designate a certified mediator on a blind rotation basis. Counsels for all parties must familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties must complete mediation at least 30 days prior to the calendar call.

7. The foregoing information will aid the Court in its management of this case, including the expeditious resolution of any discovery disputes, and help the parties focus on the key issues of the case at an early stage in the proceedings. **Accordingly**, **failure of the parties to file a joint scheduling report may result in dismissal, default, or the imposition of other sanctions, including attorney's fees and costs**.

II. **EXPEDITED SERVICE**

It is further **ORDERED and ADJUDGED** that, in an attempt to expedite the processing of the action, Plaintiff must serve the Defendant with a copy of the summons and complaint **within 60 days of the date of this Order**. If Plaintiff is unable to do so, Plaintiff must provide an explanation to the Court as to the reason why Defendant has not been served within the allotted 60 days and must provide a detailed description of the attempts he has made to serve Defendant. Failure to comply with this Order may lead to immediate dismissal of this cause.

### III. REFERRAL OF CASE TO MAGISTRATE JUDGE

This case is **REFERRED** to the Honorable Patrick M. Hunt, United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.*

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge must be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference.

### IV. NOTICE OF JOINT MOTIONS

The parties are hereby notified that multiple Plaintiffs or Defendants must file joint dispositive motions with co-parties unless there are clear conflicts of positions or grounds for relief.

**DONE and ORDERED** in chambers, Miami, Florida, this 7th day of November 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

*Attachment* **A**: **Pretrial Deadlines, Pretrial Conference and Trial Date**

_____        Joinder of parties and claims, and amendment of pleadings.
(INSERT DATES)

_____        Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party.  The parties are under a continuing obligation to supplement discovery responses within ten days of receipt or other notice of new or revised information.

_____        All fact discovery must be completed.

_____        Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify.  Within the 14-day period thereafter, Plaintiff must make its experts available for deposition by Defendant.

_____        All dispositive *and* other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A minimum of 17 weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation.  If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

_____        Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify.  Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff.

_____        All expert discovery must be completed.

_____        All Daubert and Markman motions and accompanying memoranda of law must be filed. *If a Daubert or Markman hearing is necessary, add that as an additional deadline at the bottom of Attachment A*.

_____        Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

_____        (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e).  The pretrial stipulation must include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists must be pared down to those witnesses the parties intend to call at trial; and the exhibit lists must identify the witness introducing each exhibit.  The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.  The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) Joint Summary of Respective Motions *in Limine* must be filed.  The Summary must contain a cover page providing the style of the case and an index of the motions *in limine*.  The Summary must also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence.  The parties must work together to prepare the Summary.  Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

_____        Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted.  *(A courtesy copy must be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format)*. Each party's trial witness list, with one-sentence synopsis and time needed for direct and cross examination; proposed *voir dire* questions; and deposition designations.

_____        Trial Date.

*Attachment B*: **Suggested Pretrial Deadlines**

| | |
|---|---|
| 31 weeks prior to pretrial stipulation | Joinder of parties and claims, and amendment of pleadings. |
| 21 weeks prior to pretrial stipulation | Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify. |
| 18 weeks prior to pretrial stipulation | All fact discovery must be completed. |
| 16 weeks prior to pretrial stipulation | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Plaintiff must make its experts available for deposition by Defendant. |
| 17 weeks prior to pretrial stipulation | All dispositive pretrial motions and memoranda of law must be filed. A minimum of 17 weeks is required for the Court to review dispositive motion prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| 14 weeks prior to pretrial stipulation | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stipulation | All expert discovery must be completed. If a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 11 weeks prior to pretrial stipulation | All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed. If a *Daubert* or *Markman* hearing is necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 10 weeks prior to pretrial stipulation | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| 5 weeks prior to the Friday before trial period | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation must include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and<br><br>(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary must contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary must also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties must work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| Friday before Calendar Call | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy must be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format)*. Each party's trial witness list, proposed *voir dire* questions, and deposition designations. |

*Attachment C*: **Magistrate Judge Jurisdiction Election Form**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-62763-Civ-COOKE/HUNT**

WAYNE CAMPBELL,

    Plaintiff,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.

_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs              Yes _____   No _____
2. Motions for Attorney's Fees    Yes _____   No _____
3. Motions for Sanctions          Yes _____   No _____

_____          _____
(Date)               (Signature-Plaintiff's Counsel)

_____          _____
(Date)               (Signature-Plaintiff's Counsel)

_____          _____
(Date)               (Signature-Defendant's Counsel)

*Attachment D*: Magistrate Judge Jurisdiction Election Form

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-62763-Civ-COOKE/HUNT**

WAYNE CAMPBELL,

    Plaintiff,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.
_____/

## ELECTION TO JURISDICTION BY
## A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and entry of final judgment with respect thereto.

_____    _____
(Date)    (Signature-Plaintiff's Counsel)

_____    _____
(Date)    (Signature-Plaintiff's Counsel)

_____    _____
(Date)    (Signature-Defendant's Counsel)

_____    _____
(Date)    (Signature-Defendant's Counsel)

*Attachment E*: Exemplar Order

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-62763-Civ-COOKE/HUNT

WAYNE CAMPBELL,

    Plaintiff,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.

_____/

## **TITLE OF ORDER**

THIS MATTER is before the Court on the [Plaintiff/Defendant, insert name(s),] Motion for [insert motion title], [ECF No. (insert docket entry number)], filed [insert date].

The Court, having reviewed the Motion and being fully advised in the premises, hereby **ORDERS and ADJUDGES** as follows:

[Insert text of proposed judgment and order].

**DONE and ORDERED** in Chambers, Miami, Florida, this \_\_day of [insert month] 20\_\_.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*