UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

19-62377-CIV-COOKE/HUNT
19-62763-CIV-COOKE/HUNT

_____/

**GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES**

This matter is before this Court sua sponte. The Honorable Marcia G. Cooke, United States District Judge, referred all non-dispositive pretrial matters, including motions for attorney's fees and costs and motions for sanctions in this case to the undersigned United States Magistrate Judge. *See* 28 U.S.C. § 636(b); *see also* S.D. Fla. Mag. R. 1. In order to efficiently and fairly resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court. In addition, the procedure for filing discovery motions is set forth below. This procedure does not apply to any discovery motion currently pending before the undersigned, but shall apply to any motion filed after the entry of this Order.

**I.   Objections**

    **A. Specific Objections**

All objections to discovery requests must be specific. The parties shall not make generalized, vague, or boilerplate objections. Nonspecific objections do not comply with the Federal Rules of Civil Procedure or the Local Rules and will not be sustained by this Court. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the

1

response must either state that inspection and related activities will be permitted as requested or state an objection to the request, *including the reasons.*" (emphasis added)); S.D. Fla. L.R. 26.1(g)

### B. Objections Based Upon Vague, Overly Broad, and Unduly Burdensome Requests

Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by this Court. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). In accordance with Part I.A of this Order, a party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. Additionally, if a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground.

### C. Objections Based Upon Scope

If there is an objection based upon an unduly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

2

### D. Objections Based Upon Irrelevant Requests and Requests Not Reasonably Calculated to Lead to Admissible Evidence

In accordance with Part I.A of this Order, an objection that a discovery request is irrelevant and/or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and/or why the information sought is not reasonably calculated to lead to admissible evidence. The parties are reminded that the Federal Rules of Civil Procedure allow for broad discovery that need not be necessarily admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978).

### E. Formulaic Objections Followed by an Answer

The parties shall not recite a formulaic objection followed by an answer to the request. Unfortunately, it has become common practice for a party to object on the basis of any of the above reasons, but then state "notwithstanding the above" and nevertheless respond to the discovery request, subject to or without waiving such objection. This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and this Court. Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered.

### F. Objections Based Upon Privilege

In accordance with Part I.A of this Order, generalized objections asserting attorney–client privilege or work-product doctrine are also insufficient. Local Rule 26.1 requires objections based upon privilege to identify the specific nature of the privilege being asserted, the nature and subject matter of the communication at issue, and the

3

sender and receiver of the communication and their relationship to each other, *inter alia*. The parties are instructed to carefully review this rule and to refrain from objections such as, "Objection. This information is protected by attorney-client and/or work-product privilege." If a general objection based on privilege is made without attaching a proper privilege log, the objection may be deemed to have been waived. *See* S.D. Fla. L.R. 26.1

## II. Procedure

The following procedures do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted below.

### A. Meet and Confer

Counsel must actually confer **(either in person or via telephone)** and engage in a genuine effort to resolve discovery disputes *before* filing discovery motions.

### B. Discovery Motions

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion requesting appropriate relief. The motion shall not exceed five pages in length. The moving party may attach as exhibits to the motion any materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (which restate the interrogatories) should be filed with an indication of which interrogatories remain in dispute. The movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3) and that specifically indicates the efforts that were made to resolve the dispute prior to filing the motion.

### C.  Responses to Motions

The nonmoving party *shall* file a response to the motion, which is not to exceed five pages in length.  The responding party may also attach as exhibits any materials relevant to the discovery dispute.  The moving party shall file a reply to the response, which is not to exceed five pages in length.  The moving party may only attach to the reply exhibits that are relevant to rebut the response.

The parties shall notify chambers as soon as practicable if they resolve some or all of the issues in dispute. The Court will set a discovery conference on the issues presented if this Court deems it appropriate.

### D.  Time for Filing

Pursuant to Local Rule 26.1(g), the motion shall be filed within thirty (30) days of from identified dates.  The response shall be filed on or before the fifth business day following the date the motion was filed.  The reply, if any, shall be filed on or before the third business day following the filing of the response.  The time period for filing a response or reply will begin to run on, and shall include, the first business day following the filing of the motion or response.  For example, if the motion is filed on a Monday, the response shall be filed by the following Monday.  If the response is filed on a Friday, the reply shall be filed by the following Wednesday.

For the purposes of calculating time per this Court's discovery Order, Federal Rule of Civil Procedure 6(d) does not apply.  To the extent that the docket reflects a different time or date to respond or reply, the timeframes in this Order are controlling.

### E. Expenses, Including Attorney's Fees

This Court reminds the parties and counsel that if the motion is granted, Federal Rule of Civil Procedure 37(a)(5) requires this Court to award to the moving party all reasonable expenses incurred in making the motion, including attorney's fees, absent an exception.

**THIS COURT MAY DECLINE TO CONSIDER ANY FILING THAT DOES NOT COMPLY WITH THIS ORDER.**

DONE AND ORDERED at Fort Lauderdale, Florida this 8th day of November 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Marcia G. Cooke

All counsel of record and/or pro se parties