UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62763- COOKE/HUNT

WAYNE CAMPBELL,
an individual,

       Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,
AND INPHYNET SOUTH
BROWARD, LLC.

       Defendants.

_____/

**JOINT SCHEDULING CONFERENCE REPORT AND DISCOVERY PLAN**

A telephonic meeting was held **at 11:45 a.m. on December 6, 2019**, and was attended by:

| | |
|---|---|
| **Paul A. Herman, Esquire** | **Counsel for Plaintiff** |
| **Ernest H. Kohlmyer, III, Esquire** | **Counsel for Defendant** |
| **John Gaset, Esquire** | **Counsel for Inphynet South Broward, LLC** |

Counsel for the parties have communicated regarding the scheduling issues contained herein and agree to its contents.

**I.**    **Recommended Case Management Track:** The Parties recommend that this case be assigned to the <u>Standard Track</u>, based on the number of parties and complexity of the action.

**II.**    **Case Management Plan:**

    **A.**    **The likelihood of settlement:**

The likelihood of settlement is unknown at this time.

**B.**     **The likelihood of appearance in the action of additional parties:**

At this time the likelihood of appearance in the action of additional parties is unlikely.

**C.**     **Proposed limits on time:**

(i)     The parties propose that the time to join other parties and to amend pleadings shall occur by or before **February 25, 2020.**

(ii)     The parties propose that all summary judgment, and other dispositive motions shall be filed by **May 21, 2020**; and

(iii)     The parties propose that discovery shall be completed by **April 6, 2020**.

**D.**     **Proposals for the formulation and simplification of issues:**

The parties agree to cooperate in working to simplify the issues, including the elimination of frivolous claims or defenses, if any, and further agree that any motion for summary judgment or partial summary judgment shall be filed on or before **May 21, 2020**.

**E.**     **The necessity or desirability of amendments to the pleadings:**

At this time, the parties do not anticipate any further amendments to the pleadings.

**F.**     **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties anticipate a reasonable possibility of obtaining admissions of facts and of documents.

2

**G.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties agree to utilize discovery in order to avoid unnecessary proof and cumulative evidence.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

At this time, the Parties do not agree to the referral of potentially dispositive matters to a Magistrate Judge or master.

**I.     A preliminary estimate of the time required for trial:**

Trial is expected to take approximately **One to Two (1-2) days**, and Plaintiff demands a trial by jury.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The Parties request trial for the week beginning **October 5, 2020** and with a final pretrial conference to be held the week of **September 18, 2020**.

**K.     Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties anticipate that certain materials will be subject to privilege and agree to confer with each other and attempt to resolve issues of privilege by stipulation or other agreement before involving the Court.

Additionally, the parties anticipate issues about disclosure or discovery of electronically stored information.  Electronically stored information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

The Parties have no other information that might be helpful to the Court at this time.

**III.   This case was not previously filed and is not substantially related to any other case previously or currently pending before another court.**

## DISCOVERY PLAN PURSUANT TO RULE 26(f)

**I.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties do not believe any changes should be made to the form or requirement for disclosures under Rule 26(a).  The parties agree to exchange such discovery by email with PDF attachment on or before **December  31, 2019**.

II.    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties do not believe that discovery should be conducted in phases or be limited to particular issues.  Discovery should be completed by **April 6, 2020**

III.   **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The parties anticipate issues about disclosure or discovery of electronically stored information.  Electronically stored information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format.

IV.    **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

The parties anticipate that certain materials will be subject to privilege and agree to confer with each other and attempt to resolve issues of privilege by stipulation or other agreement before involving the Court.

V.    **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The parties do not believe that any changes need be made to the limitations on discovery imposed under these rules or by local rules.

VI.    **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not believe that any special orders are warranted at this time.

Dated this **6th day of December, 2019.**

/s/ *Paul A. Herman*
Paul A. Herman, Esq.
Florida Bar No. 405175
paul@consumeradvocatelaw.com
Consumer Advocates Law Group,
PLLC
4801 Linton Blvd., Ste. 11A-560
Delray Beach, FL 33445
Telephone: 561-236-8851
Facsimile: 561-431-2352
Attorneys for Plaintiff

/s/ *Ernest H. Kohlmyer*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No. 110108
skohlmyer@shepardfirm.com
Rachel M. Ortiz, Esq
Florida Bar No. 0083842
rortiz@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand,
P.A.
2300 Maitland Center Parkway, Suite
100
Maitland, FL 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

/s/ *John Gaset*
John Gaset III, Esq.,
Florida Bar No. 98415
john.gaset@nelsonmullins.com
Nelson Mullins Broad and Cassel
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: 813-225-3020
Facsimile: 813-225-3039
*Attorneys for Defendant, Inphynet South
Broward, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **December 6, 2019**, via the Clerk of Court's CM/ECF system which will provide electronic notice to all attorneys of record:  Jibrael S. Hindi, Esquire of The Law Offices of Jibrael S. Hindi at jibrael@jibraellaw.com; Paul A. Herman, Esquire of Consumer Advocates Law Group, PLLC. at paul@consumeradvocatelaw.com; and Joel A. Brown, Esquire of Friedman & Brown, LLC at joel.brown@friedmanandbrown.com (Attorneys for Plaintiff).

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Rachel M. Ortiz
Florida Bar No. 083842
rortiz@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant HRRG*

**Attachment A: Pretrial Deadlines, Pretrial Conference and Trial Date**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62763- COOKE/HUNT

WAYNE CAMPBELL,
an individual,

       Plaintiff,

v.

HEALTHCARE      REVENUE
RECOVERY    GROUP,    LLC,
AND    INPHYNET    SOUTH
BROWARD, LLC.

       Defendant.

_____/

Joinder of parties and claims, and amendment of pleadings.

**February 25, 2020:** Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten days of receipt or other notice of new or revised information.

**April 6, 2020:** All fact discovery must be completed.

**February 6, 2020:**  Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Plaintiff must make its experts available for deposition by Defendant.

**May 21, 2020:** All dispositive *and* other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A minimum of 17 weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

8

**March 2, 2020:** Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff.

**April 6, 2020:** All expert discovery must be completed.

**August 10, 2020:** All Daubert and Markman motions and accompanying memoranda of law must be filed. *If a Daubert or Markman hearing is necessary, add that as an additional deadline at the bottom of Attachment A.*

**March 23, 2020:** Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

**August 17, 2020:** (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation must include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists must be pared down to those witnesses the parties intend to call at trial; and the exhibit lists must identify the witness introducing each exhibit. The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary must contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary must also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties must work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

**September 10, 2020:** Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy must be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, with one-sentence synopsis and time needed for direct and cross examination; proposed *voir dire* questions; and deposition designations.

**October 5, 2020:** Trial Date.

**Attachment B: Suggested Pretrial Deadlines**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62763- COOKE/HUNT

WAYNE CAMPBELL,
an individual,

       Plaintiff,

v.

HEALTHCARE          REVENUE
RECOVERY  GROUP,  LLC,  AND
INPHYNET  SOUTH  BROWARD,
LLC.

       Defendants.

_____/

| | |
|---|---|
| 31 weeks prior to pretrial stipulation | Joinder of parties and claims, and amendment of pleadings. |
| 21 weeks prior to pretrial stipulation | Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify. |
| 18 weeks prior to pretrial stipulation | All fact discovery must be completed. |
| 16 weeks prior to pretrial stipulation | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only |

10

|  |  |
|---|---|
|  | those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Plaintiff must make its experts available for deposition by Defendant. |
| 17 weeks prior to pretrial stipulation | All dispositive pretrial motions and memoranda of law must be filed. A minimum of 17 weeks is required for the Court to review dispositive motion prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| 14 weeks prior to pretrial stipulation | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stipulation | All expert discovery must be completed. If a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 11 weeks prior to pretrial stipulation | All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed. If a *Daubert* or *Markman* hearing is necessary, the |

|  | parties are to add that as an additional deadline at the bottom of attachment A. |
|---|---|
| 10 weeks prior to pretrial stipulation | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| 5 weeks prior to the Friday before trial period | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation must include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and |
|  | (b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary must contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary must also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the |

challenged evidence. The parties must work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

Friday before Calendar Call

Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy must be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, proposed *voir dire* questions, and deposition designations.

13

**Attachment C: Magistrate Judge Jurisdiction Election Form**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62763- COOKE/HUNT

WAYNE CAMPBELL,
an individual,

      Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,
AND INPHYNET SOUTH
BROWARD, LLC.

      Defendant.

_____/

**ELECTION TO JURISDICTION BY A UNITED STATES**

**MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs           Yes ____ No __**X**__
2. Motions for Attorney's Fees     Yes ____ No __**X**__
3. Motions for Sanctions       Yes ____ No __**X**__
4. Motions to Dismiss         Yes _____No __**X**__
5. Motions for Summary Judgment  Yes_____ No __**X**__

14

 12.6.19         */s/ Paul A. Herman*
(Date)             (Signature—Plaintiff's Counsel or Plaintiff if *pro se*)


12/06/19       */s/Ernest H. Kohlmyer*
(Date)             (Signature—Defendant's Counsel or Defendant
HRRG

 12.6.19         */s/John P. Gaset*
(Date)             (Signature—Defendant's Counsel or Defendant
Inphynet