UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WAYNE CAMPBELL,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC, and INPHYNET SOUTH BROWARD, LLC,

    Defendants.
_____/

CASE NO. 0:19-CV-62763-MGC

## DEFENDANT INPHYNET SOUTH BROWARD, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Inphynet South Broward, LLC ("Inphynet"), by and through its undersigned attorneys and in accordance with the Federal Rules of Civil Procedure, hereby files this, its Answer and Affirmative Defenses to Amended Complaint (DE 19), and states as follows:

### ANSWER

*Preamble*

Inphynet denies that it has violated or is labile for violating the FDCPA, FCCPA, or any other law. Any other allegations contained in the preamble are denied.

*Jurisdiction & Venue*

1.    Admitted for jurisdictional purposes only. Otherwise denied. Inphynet specifically denies that it has violated or is liable for violating the FCCPA, FDCPA, or any other law.

2.    Admitted for jurisdictional purposes only. Otherwise denied. Inphynet specifically denies that it has violated or is liable for violating the FCCPA, FDCPA, or any

other law.

3. Admitted for venue purposes only. Otherwise denied. Inphynet specifically denies that it has violated or is liable for violating the FCCPA, FDCPA, or any other law.

*Parties*

4. Without knowledge at this time.

5. Admitted.

6. Without knowledge at this time.

7. Inphynet objects to the allegations contained in this paragraph to the extent they call solely for legal conclusions to which no response is required. If a response is required, then Inphynet states that it is without knowledge at this time.

8. Inphynet's registered principal address is in Tamarac, Florida; otherwise admitted.

9. Denied.

*Demand for Jury Trial*

10. No response is required to this paragraph. To the extent a response is required, Inphynet denies that it has violated or is liable for violating the FCCPA, FDCPA, or any other law.

*Factual Allegations*

11. Without knowledge; therefore denied. Inphnyet has performed a reasonable investigation but lacks sufficient information to either admit or deny the allegations contained in this paragraph at this time.

12. Denied.

13. Denied.

14. Denied.
15. Denied.
16. Denied.
17. Denied.
18. Denied.
19. Denied.
20. Denied.
21. Denied.
22. Without knowledge.
23. Without knowledge.
24. Without knowledge.
25. Without knowledge.
26. Without knowledge.
27. Without knowledge.
28. Without knowledge.
29. Denied.
30. Denied.
31. Denied.

### *Counts I and II against HRRG*

Inphynet does not respond to Counts I and II of the Amended Complaint because those Counts are not directed towards Inphynet. To the extent a response is required, Inphynet re-alleges and incorporates its answers to paragraphs 1-31 above. In further responding, Inphynet denies that it has violated or is liable for violating the FCCPA, FDCPA,

or any other law. Any remaining allegations contained in Counts I and II that may be directed towards Inphynet and/or affect Inphynet are denied.

### Count III against Inphynet

49. Inphynet re-alleges and incorporates its answers to paragraphs 1-31 above.

50. Inphynet objects to the allegations contained in this paragraph to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself. Inphynet denies that it has violated or is liable for violating the FCCPA or any other law.

51. Inphynet objects to the allegations contained in this paragraph to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself. Inphynet denies that it has violated or is liable for violating the FCCPA or any other law.

52. Inphynet objects to the allegations contained in this paragraph to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Florida law and the cited statutory provisions speak for themselves. Inphynet denies that it has violated or is liable for violating the FCCPA or any other law.

53. Inphynet objects to the allegations contained in this paragraph to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Florida law and the cited authorities speak for themselves. Inphynet denies that it has violated or is liable for violating the FCCPA or any other law.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

WHEREFORE, Inphynet respectfully requests that the Court enter judgment in its favor and against Plaintiff, find that one or more of Plaintiff's claims failed to raise a justiciable issue of law or fact, award Inphynet its reasonable attorneys' fees and costs, and grant Inphynet such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Any violation of the FCCPA, which Inphynet denies occurred, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. Therefore, even if Inphynet violated the FCCPA, it is not liable for any such violation. Fla. Stat. § 559.77.

### *Second Affirmative Defense*

The Amended Complaint does not plausibly explain how Plaintiff's reputation in the community was adversely affected by the alleged misconduct. Therefore, even if all of the allegations contained in the Amended Complaint were true (which is denied), the Amended Complaint would still fail to state a claim against Inphynet upon which relief may be granted. See, e.g., Fed. R. Civ. P. 8 and 12(b)(6); Fla. Stat. § 559.72(5); Heard v. Mathis, 344 So.2d 651, 655 (Fla. 1st DCA 1977); Patton v. Ocwen Loan Servicing, LLC, 2011 WL 1706889 (M.D. Fla. May 5, 2011); Liste v. Cedar Financial, 2014 WL 4059881 (M.D. Fla. Aug. 14, 2014); Marchisio v. Carrington Mortg. Services, LLC, 2016 WL 10568065, at *20 (S.D. Fla. Sept. 13, 2016) (*reversed in part on other grounds*).

### *Third Affirmative Defense*

The Amended Complaint has failed to join a real party in interest and is therefore

subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(7).

### *Fourth Affirmative Defense*

Plaintiff's claims are barred by the voluntary payment doctrine.

### *Fifth Affirmative Defense*

Upon information and belief, Plaintiff voluntarily paid a discounted rate to settle the alleged debt. As a result, Plaintiff waived any right he may have had to assert that he is not responsible for the alleged debt. Alternatively, Plaintiff is estopped from claiming that he is not responsible for the alleged debt.

### *Sixth Affirmative Defense*

Inphynet affirmatively asserts that it did not (and does not) have knowledge that the alleged debt is subject to Florida's Workers' Compensation Law. Inphynet did not provide medical services to Plaintiff as described in the Amended Complaint.

WHEREFORE, Inphynet respectfully requests that the Court enter judgment in its favor and against Plaintiff, find that one or more of Plaintiff's claims failed to raise a justiciable issue of law or fact, award Inphynet its reasonable attorneys' fees and costs, and grant Inphynet such other and further relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Inphynet respectfully demands a trial by jury on all counts and issues so triable.

    */s/ John P. Gaset, Esq.*
John P. Gaset, Esq., FLB No. 98415
**NELSON MULLINS BROAD AND CASSEL**
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Telephone: 813-225-3020
Facsimile: 813-225-3039
john.gaset@nelsonmullins.com
jessica.lovins@nelsonmullins.com
*Counsel for Defendant Inphynet South Broward, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2020, the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system to all counsel of record.

*/s/ John P. Gaset, Esq.*
John P. Gaset, Esq.
Florida Bar No. 98415